THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Omar El<br>Trustee of God is with Us Trust,<br><br>              Plaintiff,<br><br>v.<br><br>City of Cottonwood Heights, et al.,<br><br>              Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:25-cv-00660-DBP<br><br><br>Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff's Motion to Substitute Party and Amend Caption.[1] Plaintiff who is appearing pro se, notes in the motion that the Trust is not a party to this action and should be dismissed from these proceedings. For the reasons explained below, the court grants the motion and orders Plaintiff to file a Fourth Amended Complaint.

## BACKGROUND

On March 17, 2026, the court entered an Order to Show Cause noting that "Individuals may represent their own personal interests without an attorney. However, artificial entities may appear in court only through licensed counsel."[2] Trusts are artificial entities and must be represented by a licensed attorney. Thus, the court gave Plaintiff until April 15, 2026, to show cause why this matter should not be dismissed due to the representation issues.

Plaintiff now seeks to dismiss the trust in this matter and requests that Falandors Lee Burris Jr. be named as the Plaintiff in place of Omar El "proceeding solely in his individual

---

[1] ECF No. 16, Motion to Substitute Party Plaintiff and Amend Caption.

[2] Order to Show Cause at 1, ECF No. 15.

capacity."[3] Plaintiff asserts the request is made in good faith to properly identify the real party in

interest and to comply with the Court's [Order to Show Cause]."[4]

Rule 17 of the Federal Rules of Civil Procedure provides that an "action must be

prosecuted in the name of the real party in interest."[5] Plaintiff represents that Falandors Lee

Burris Jur is the real party in interest.[6]

## DISCUSSION

Title 28 U.S.C. § 1915 governs all cases in which a plaintiff is proceeding *in forma*

*pauperis* (IFP) as Plaintiff seeks to do so here. Although § 1915(e)(2)(B) screening is not

required before granting an IFP motion, the Tenth Circuit has encouraged district courts to

screen IFP cases as soon as practical.[7] Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a

cause of action filed by an IFP plaintiff if the court determines the action: "(i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief."[8] A complaint is frivolous "where it lacks

an arguable basis" either in law or in fact.[9] In considering whether a complaint fails to state a

claim for relief under section 1915, the court employs the standard for analyzing a motion to

dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[10]

---

[3] Motion at 1.

[4] *Id.*

[5] Fed. R. Civ. P. 17.

[6] The Third Amended Complaint is signed by Omar El as "Trustee and Authorized Representative for" Falandors Lee Burris Jr. ECF No. 14.

[7] *See Buchheit v. Green*, 705 F.3d 1157, 1160–61 (10th Cir. 2012).

[8] 28 U.S.C. § 1915(e)(2)(B).

[9] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citation modified).

[10] *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

To avoid dismissal under Rule 12(b)(6), a complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'"[11]

Here, Plaintiff's Third Amended Complaint fails to allege enough facts to state a claim for relief. Under the facts section it states:

> Detective Commagere initiated an unlawful traffic stop on August 1, 2025.
> Detective Alcivar broke the passenger window without justification.
> Detective Morzelewski broke the driver window with a baton.
> Officer McHugh pointed a firearm at Plaintiff's head at close range.
> Plaintiff was unarmed, non-threatening, and seated with hands visible.
> Sgt. Soakai failed to intervene despite observing the conduct.
> Officers Burroughs, Williamson, and Taylor also failed to intervene.
> Officers unlawfully seized $180 from Plaintiff and did not return it.[12]

Based on these facts Plaintiff raises four claims for relief (1) excessive force; (2) unlawful stop; (3) failure to intervene; and (4) Monell liability against the City of Cottonwood Heights.

Having screened Plaintiff's Third Amended Complaint, the court finds it fails to allege sufficient factual detail under the relevant *Twombly* standard to state a claim for relief. For example, to establish liability of local-government entities, such as Cottonwood Heights, under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged."[13] Local governmental entities may not be held liable under § 1983 based on the doctrine of respondeat superior.[14] Plaintiff has yet to allege, let alone establish, a direct causal link between his alleged injuries and any custom or policy of Cottonwood Heights. Thus, any "Monell" claims fail.

---

[11] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[12] Third Amended Complaint at 1-2, ECF No. 14.

[13] *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

[14] *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

In addition, the Third Amended Complaint incorrectly names the God with Us Trust as Plaintiff and Omar El. Given these problems with the Third Amended Complaint the court orders as follows.

## ORDER

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Substitute Party and Amend Caption is GRANTED.[15] Falandors Lee Burris Jr. is named as the proper Plaintiff, and the God is with Us Trust is dismissed. In addition, Omar El is replaced with Falandors Lee Burris Jr. as the real party in interest in this case. The case name and caption are to be updated with the proper Plaintiff.

2. Plaintiff is ORDERED to file a Fourth Amended Complaint within twenty-one (21) days from the date of this order with the correctly named Plaintiff. The Fourth Amended Complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any other complaints. Any claims which are not realleged in the Fourth Amended Complaint will be deemed abandoned.[16]

3. The Fourth Amended Complaint must (a) "name every defendant in the caption of the amended complaint,"[17] and (b) must clearly state what each named Defendant did to violate

---

[15] ECF No. 16, Motion to Substitute Party Plaintiff and Amend Caption.

[16] *See Pierce v. Williams*, 2020 U.S. Dist. LEXIS 185074 at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect")); *Murray v. Archambo,* 132 F.3d 609, 612 (10th Cir. 1998) (amended complaint supersedes original complaint).

[17] *McKnight v. Douglas County Corr. Facility*, 2021 WL 2634431, at *3 n.1 (citing Fed. R. Civ. P. 10) ("He should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.").

Plaintiff's rights.[18] Plaintiff should identify each constitutional violation and include, as must as possible, specific dates when the alleged constitutional violations occurred.[19]

4. Each cause of action, with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the 'who,' 'what,' 'where,' 'when,' and 'why' of each claim.[20]

5. A failure to file a Fourth Amended Complaint as ordered will result in the court dismissing this case.

IT IS SO ORDERED.

DATED this 25 March 2026.

_____
Dustin B. Pead
United States Magistrate Judge

---

[18] *Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976) (personal participation of each named defendant is required to state a civil rights claim).
[19] *Twombly*, 550 U.S. at 557 ( "conclusory allegation[s]" without more are inadequate to "show illegality").

[20] *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (noting the "requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.") (citation modified).